testimony defendant was retained as an attorney by the plaintiff to bring an action against two parties, and it was admitted by the defendant that he had collected under such retainer $118. There was a conflict of evidence as to how defendant was to be paid for his legal services to the plaintiff. Defendant claimed that it was agreed that he and plaintiff were to divide equally the amount of any recovery. There was no proof of a deposit with the clerk to support the averment of tender, which according to the evidence plaintiff refused to accept. Sections 731, 732, Code Civ. Proc. The only disputed question of evidence was as to the terms of the agreement; the plaintiff denying the pro rata agreement which defendant claimed was entered into. But, accepting defendant's version of the transaction as correct, plaintiff was entitled at least to a judgment for $56. There is no evidence in the case to support the finding of the learned court below, and the judgment against the plaintiff for costs must be reversed. Plaintiff having announced his willingness to abide by the defendant's version of the agreement, judgment for defendant is reversed, and judgment ordered for plaintiff for $56, with costs in this court and the court below. Judgment reversed, and judgment ordered for plaintiff for $56, with costs in this court and the court below. All concur.

KREVORUCK, Respondent, v. McLAUGHLIN REAL ESTATE CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by Frank Krevoruck against the McLaughlin Real Estate Company. No opinion. Motion to dismiss appeal granted, with costs, unless appeal is perfected within 20 days, and cause will be placed at the foot of June calendar. On compliance, motion denied, without costs.

KRINBALL, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1907.) Action by Daniel W. Krinball against the Rochester Railway Company.

PER CURIAM. Order reversed, and new trial granted, with costs to the appellant to abide the event. Held, that any negligence of the person in charge of the horses in leaving them unhitched and unattended was imputable to the plaintiff, and that leaving the horses unhitched and unattended under the circumstances disclosed by the evidence in the case was sufficient to require the question of contributory negligence to be submitted to the jury.

ROBSON, J., not sitting.

KUEHN, Appellant, v. SYRACUSE RAPID TRANSIT RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 9, 1907.) Action by Frederick W. Kuehn against the Syracuse Rapid Transit Railway Company.

PER CURIAM. Order affirmed with $10 costs and disbursements. See 94 N. Y. Supp. 1151.

WILLIAMS, J., dissents. ROBSON, J., not sitting.

LANDSBERG & CO., Respondent, v. SCHLOSSBERG, Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by Landsberg & Co. against Harry Schlossberg. No opinion. Motion to dismiss appeal granted, with costs.

In re LANDS ON OCEAN PARKWAY IN CITY OF NEW YORK. In re McLAUGHLIN. (Supreme Court, Appellate Division, Second Department. June 21, 1907.) In the matter of acquiring title by the city of New York to certain lands and premises bounded by Ocean Parkway, Avenue Y, East Sixth street, Canal avenue, and Coney Island creek, in the borough of Brooklyn, city of New York, etc. In the matter of the petition of Bertha G. McLaughlin. No opinion. Referee's report confirmed, and order signed.

LANGDON, Respondent, v. SCHIFF et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Annie E. Langdon against Mackenzie Schiff and others. No opinion. Order affirmed, with $10 costs and disbursements.

LANGEVINE, Respondent, v. FOX, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Peter Langevine against Edwin D. Fox. No opinion. Judgment and order of the County Court of Westchester county unanimously affirmed, with costs.

LARSEN, Respondent, v. UNITED STATES MORTGAGE & TRUST CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 9, 1907.) Action by Ludviska H. Larsen, as administratrix, etc., against the United States Mortgage & Trust Company. No opinion. Judgment and order unanimously affirmed, with costs. Order granting extra allowance reversed, without costs, on the ground of want of authority in the court below to grant the same.

LATOURETTE et al., Appellants, v. LATOURETTE, Respondent, et al. (Supreme Court, Appellate Division, Second Department. July 9, 1907.) Action by Emma Latourette and others against Abraham Latourette, impleaded with others. No opinion. Judgment modified, so as to give the plaintiffs leave to plead over upon payment of costs within 20 days, and, as modified, affirmed, without costs.

LAWRENCE v. CHRISTLIEB et al. (Supreme Court, Appellate Division, Second Department. June 14, 1907.) Action by Frank T. Lawrence against Alphonse Christlieb and another, impleaded with others. No opinion. Judgment and order affirmed, with costs.

In re LEARY'S ESTATE. (Supreme Court, Appellate Division, First Department. June 28,